UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SANDRA MOREAU-OLIVER and
DARRYL OLIVER, her husband,

    Plaintiffs,

v.

JETBLUE AIRWAYS CORPORATION. a
foreign for-profit Corporation,

Case Number:

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, SANDRA MOREAU-OLIVER and DARRYL OLIVER, her husband, sue Defendant, JETBLUE AIRWAYS CORPORATION, a foreign for-profit corporation, and allege:

### JURISDICTION AND VENUE

Plaintiffs, SANDRA MOREAU-OLIVER and DARRYL OLIVER, husband and wife, are each citizens of Florida, residing within the Southern District of this Court, and Defendant, JETBLUE AIRWAYS CORPORATION (hereinafter "JETBLUE") is a for-profit corporation incorporated under the laws of Delaware and registered with the State of Florida as a foreign for-profit corporation doing business in Florida with an agent for service of process in Florida and conducts its customary business in Palm Beach County, Florida and within this division of the Court, to include at all material times, and as a minimum, the Defendant:

    a) Maintains permanent personnel and offices in Palm Beach County;

    b) Flies daily aircraft flights to and from Palm Beach International Airport;

1

c) Advertises its planes routes and services locally and via the Internet and television and other advertising and marketing directed to target Palm Beach County citizens;

d) Owns property in Palm Beach County;

e) Pays taxes in Palm Beach County;

f) Maintains telephone lines and numbers in Palm Beach County;

g) Furthermore, the Defendant obtains significant revenue historically and annually from work performed or engaged in by its agent(s) and employees or other representative(s) in Palm Beach County, Florida, at all times.

Plaintiff, SANDRA MOREAU-OLIVER'S, flights with Defendant, JETBLUE, began from and ended at airport facilities located within the Southern District of Florida. Plaintiff's treating physicians and her business interests are located within the jurisdiction of the Southern District of Florida. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. Sec. 1332.

## COUNT I

1. This is an action for damages that exceeds $100,000.00, exclusive of interest, attorney's fees and costs.

2. At all times material hereto, Plaintiff, SANDRA MOREAU-OLIVER and DARRYL OLIVER, are husband and wife and are residents of Palm Beach County, Florida.

3. On or about March 29, 2015, Plaintiff, SANDRA MOREAU-OLIVER, was a passenger on the Defendant, JETBLUE'S, flight from New York to Florida when she was struck by baggage being positioned or moved or that had been inserted into the overhead compartment above her seat by the Defendant's stewardess/employee, who was acting in the course and scope of her employment, with duties including passenger in-cabin attendance and also moving and

securing passenger baggage within the aircraft passenger area in a JETBLUE-provided overhead compartment.

4.   At all times material, Defendant, JETBLUE'S, employee was acting in the course and scope of her employment with the Defendant by assisting another passenger in placing heavy baggage in the overhead storage container located generally above the Plaintiff, SANDRA MOREAU OLIVER'S, head, neck and body, but Defendant's employee was unable to safely hold and position the baggage so that it would not fall and strike Plaintiff in the head, neck, shoulder and upper torso area causing her injury.

5.   At all times material, Defendant, JETBLUE'S, employee allowed a duty and reasonable care to the Plaintiff, SANDRA MOREAU-OLIVER, a seated JETBLUE passenger, which duty Defendant breached through its employee's actions, inactions and negligence in one or more of the following ways, any one of which was a departure from the accepted standard of care:

   a)   In not checking the unknown passenger's baggage into the passenger plane baggage storage area and compartment so that it was not allowed into the JETBLUE airplane cabin;

   b)   In the Defendant's employee not recognizing that the baggage was too large or too heavy to fit into the overhead compartment above Plaintiff and should be tagged inside the cabin and removed from the plane and stored in the airplane's baggage compartment under the seats on the airliner;

   c)   In negligently failing to warn Plaintiff of the employee's intended attempt to place heavy or awkward unwieldy baggage in the overhead compartment so that Plaintiff could first act to protect herself by extending her arms above her or, so Plaintiff could first exit her passenger seat and

3

step aside in the aisle until the employee placed the baggage overhead that could and ultimately did fall and strike Plaintiff;

d) In negligently failing to instruct the unknown passenger to place their luggage under their seat or to let it be tagged and placed in the baggage hold area of the airliner, rather than placing it in an overhead compartment above Plaintiff; and

e) The Defendant's employee was negligent in taking the unknown passenger's luggage inside the plane and placing it in another overhead storage bin which already contain other forms of baggage and accordingly, less space to fit the unknown passenger's bag by the employee's actions.

6. And being otherwise negligent, as the employee was negligent in failing to stop or to deflect the falling baggage so that it did not strike Plaintiff, SANDRA MOREAU-OLIVER, as it fell.

7. The employee was negligent in failing to catch the falling luggage from the overhead compartment area and thereby prevent luggage contact with Plaintiff, SANDRA MOREAU-OLIVER,

8. The employee negligently attempted to "assist" the unknown passenger in placing the luggage into the overhead storage compartment. If left alone, the unknown passenger was fully capable of placing their own luggage safely above Plaintiff, SANDRA MOREAU-OLIVER, in the overhead storage compartment or in some other safe area which would be no risk to the Plaintiff without the employee's assistance.

9.  The employee was further negligent in "jointly" attempting to work with the passenger to place the baggage in the overhead storage compartment above Plaintiff, SANDRA MOREAU-OLIVER'S, seat or general area so that the baggage fell and struck Plaintiff.

10. Defendant, JETBLUE'S, employee was otherwise negligent in failing to properly place, lift and secure the unknown passenger's baggage in an appropriate storage compartment or location, at or near the area where Plaintiff, SANDRA MOREAU-OLIVER, was seated on the subject Jetblue flight on March 29, 2015, or inside the plane's general baggage area.

11. As a direct and proximate result of the actions, inactions and negligence of the Defendant, JETBLUE, and its crew, through its agent or employee, as alleged herein, Plaintiff, SANDRA MOREAU-OLIVER, was injured in about her body and extremities, with bodily injury, resulting pain and suffering, disability, disfigurement, inconvenience, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization, medical, nursing care and treatment, loss of earnings, loss of ability to earn money and she has suffered aggravation of any previously existing conditions. These losses are either permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future.

**WHEREFORE**, Plaintiff, SANDRA MOREAU-OLIVER, demands judgment for damages against Defendant, JETBLUE AIRWAYS CORPORATION, a foreign for-profit corporation, costs and interest on liquidated sums, and Plaintiff further demands trial by jury as to all triable of right by jury.

## COUNT II

12. Plaintiff, DARRYL OLIVER, realleges the allegations of Count I of Plaintiff's Complaint as if the same were set forth fully herein.

13. As a result of the injuries and damages sustained by his spouse, SANDRA MOREAU-OLIVER, as alleged in Count I of the Complaint, Plaintiff, DARRYL OLIVER, seeks an award of money damages which will fairly and adequately compensate him for any loss he has incurred by reason of his wife's injury, of her services, comfort, society and attentions in the past, and in the future, caused by the incident in question, as well as for any economic losses he has sustained as a result of injury to his wife..

**WHEREFORE**, Plaintiff, DARRYL OLIVER, demands judgment for damages against Defendant, JETBLUE AIRWAYS CORPORATION, a foreign for-profit corporation, together with costs, and interest on liquidated sums and demands trial by jury on all issues triable by jury.

DATED 2 day of March, 2017.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
Telephone: (561) 697-4440
Facsimile: (561) 687-1950

By: _____
SPENCER T. KUVIN, ESQUIRE
Florida Bar Member No. 89737
skuvin@800goldlaw.com
lweir@800goldlaw.com
service@800goldlaw.com